## THE DIME SAVINGS BANK OF CANTON *v.* MORTON.

*Contracts—Preponderance of evidence to sustain substantial performance—Question for jury—Determination of facts —Greater number of witnesses not basis for solving disputed facts—Matters for consideration of jury in weighing evidence of witnesses—Judgment not reversed upon weight of conflicting evidence—Nor because reviewing court might not have returned same verdict as jury— Charge to jury—Party requesting special request cannot complain thereof—Conflicting evidence of substantial performance presents jury question—Verdict thereon not disturbed by reviewing court, when.*

1. Questions involving determination of facts are for jury.
2. That greater number of witnesses may have supported claim of defendant is not basis for solving disputed facts by jury.
3. In weighing evidence of witnesses, jury may take into consideration their means of knowing facts, good intentions, seeming honesty or lack of same, in light of all surrounding circumstances of case, and may look at appearance of witnesses as reflecting on their interest or lack of interest in outcome of case.
4. Appellate court is not authorized to set aside judgment and grant new trial on ground that verdict and judgment are against manifest weight of evidence, merely because evidence is conflicting, if there be any substantial evidence supporting judgment, though judgment should be set aside if it clearly appears that it is manifestly against evidence.
5. Judgment cannot be reversed, though reviewing court sitting as jury might not have returned same verdict as jury, if there is substantial evidence on which verdict may have been predicated.
6. In action on contract for erection and painting of field bulletin boards, judgment for plaintiff on contract could not be claimed as contrary to law, where court charged that plaintiff could recover if preponderance of evidence showed that he substantially performed contract, but

could not recover if he had not so performed and evidence was conflicting as to whether plaintiff had performed contract.

7. Plaintiff in error cannot question law given in charge before argument which was given at its request.

8. Conflicting evidence as to substantial performance of written contract for services presented question of fact for jury.

9. Where case presented only question of fact for jury, appellate court is powerless in law to disturb verdict based on conflicting evidence.

(Decided February 19, 1927.)

Error: Court of Appeals for Stark county.

*Messrs. Lynch, Day, Fimple, Pontius & Lynch,* for plaintiff in error.

*Mr. Albert H. Snively* and *Mr. A. L. Nebel,* for defendant in error.

Houck, J.  Ph. Morton, defendant in error, the plaintiff below, in his petition filed in the common pleas court sought to recover $4,140, with interest from January 1, 1925, under a written contract, the original of which was attached to the petition, and upon a statement of indebtedness accruing under the contract, attached thereto.

The contract between the Dime Savings Bank and Ph. Morton called for the erection and painting in an artistic and workmanlike manner by Ph. Morton of ten or more field bulletin boards, and payment of rent for the use of the boards for 36 months at a rental of $138 for each board.

The Dime Savings Bank, defendant below, in its answer denied that Ph. Morton had performed the contract in accordance with the terms thereof, and

in its cross-petition alleged that it had sustained damages in the sum of $5,000 by reason of the failure of Ph. Morton to perform the contract as provided by the terms thereof.

A trial to jury resulted in a verdict in favor of Ph. Morton, plaintiff below, against the Dime Savings Bank, defendant below, in the sum of $4,000, and judgment was entered thereon. Motion for new trial was filed and overruled, exceptions noted, and a petition in error filed in this court.

A reversal is claimed upon two grounds: (a) Exclusion of testimony. (b) The verdict and judgment are against the manifest weight of the evidence.

In its presentation this case was ably argued orally, and the briefs of counsel fully and completely cover the issues of fact and law. The testimony covers 300 pages of typewritten matter. We have read it because it was necessary to do so that we might be qualified to properly and correctly answer the two questions urged by counsel for plaintiff in error as reasons for seeking to set aside the judgment of the lower court.

While it was not strongly urged in oral argument that the trial judge erred in excluding testimony offered by the bank in support of its cross-petition, yet we have carefully examined the record bearing upon this claimed error, and we must and do concur in the ruling of the court below. Under the written contract and the issues to be determined, the testimony excluded was not prejudicial to the bank.

The trial court, in its charge to the jury, fully and completely took the sting out of this alleged error, when it said to the jury:

"The defendant has filed, in this case a cross-petition or claim for damages growing out of a breach of contract, which must be proven.

"There is no proof of certain and consequential damages in this case, that is, that the defendant has been really damaged. The defendant may have lost some advertising value, but there is no proof here showing that this value has resulted in definite and certain damage that you can compensate for in dollars and cents.

"Therefore, do not consider the cross-petition."

The most serious question, and the one that has given this court much trouble, labor, and research, is: Should the verdict be set aside and a new trial granted for the reason that it is not sustained by the weight of the evidence?

Counsel for the bank in their brief say:

"We urge that an examination of the testimony in this case can lead to no other conclusion than that the verdict of the jury and the judgment entered thereon is against the clear and manifest weight of the evidence and is not warranted or sustained by any evidence submitted in the case.

"Only two witnesses testified for the plaintiff, Al Landes and Walton C. Bock.

"Landes, who was hired by Morton to perform the work of actual constructing, maintaining, and painting the boards, testified that the boards were constructed of first-class material and workmanship in every respect, and that there was painted and maintained on the boards the design shown by the sketch which is marked Exhibit A and by reference was made a part of the original contract.

"Landes also testifies that only one of the boards was removed to another location from that origi

nally selected, when by the testimony of independent witnesses in no way connected with the plaintiff five of the boards were removed and relocated in places different from the original location of the boards.

"W. C. Bock, who was the traveling salesman for Morton, testified that he saw three of the boards, namely, the one on the North Canton Road. North Market Road and East Canton Road, being three of the ten boards, and that he knew nothing of the construction and workmanship of the other boards.

"As against the testimony of these two witnesses, we have the testimony of ten witnesses for the defendant, four of whom were in no way connected with the defendant bank."

While we appreciate the force and effect of this argument, yet we must not lose sight of the fact that questions, involving the determination of facts, are for the jury, and of them they are the judges. True, there may have been a sharp conflict in the testimony, and the greater number of witnesses may have supported the claim of the bank, yet that alone is not the basis of the solution of disputed facts by the jury.

The rule in Ohio seems to be well fixed that in weighing the evidence of witnesses the jury may take into consideration their means of knowing the facts concerning which they testify, their good intentions, and their seeming honesty, or lack of same, in the light of all the surrounding circumstances in the case on trial; and the jury may look at the appearance of the witnesses, while testifying, as reflecting upon their interest or lack of interest in the outcome of the case.

The rule in this state as well as in other jurisdictions is:

An appellate court is not authorized or justified in setting aside a judgment and granting a new trial, upon the ground that the verdict and judgment are against the manifest weight of the evidence, simply because it is conflicting, if there be any substantial evidence to support the judgment. Although a judgment should be set aside if it clearly appears that it is manifestly or palpably against the evidence. In passing we will cite the following Ohio cases, which we feel are in point: *Landis* v. *Kelly,* 27 Ohio St., 567; *Scott* v. *Perlee,* 39 Ohio St., 63, 48 Am. Rep., 421; *Henkle* v. *Salem Mfg. Co.,* 39 Ohio St., 552; and *P., C. & St. L. Ry. Co.* v. *Howard,* 40 Ohio St., 8.

While a reviewing court, if sitting as a jury, might not have returned the same verdict as the jury in the present case returned, this fact cannot be acted upon by such court if there appear in the record substantial evidential facts upon which the verdict may be predicated.

The general charge of the court to the jury is full and complete, and covers every issue raised by the pleadings. It will further be observed that the court, at the request of defendant below, gave in charge to the jury and before argument the following:

"I instruct that it is the duty of the plaintiff to prove by a preponderance of the evidence in the case that he or his agents constructed the billboards in question in substantial compliance with the written contract which is attached to the plaintiff's petition, and so it is the duty of the plaintiff to prove by a preponderance of the evidence that

the billboards in question were painted in an artistic and workmanlike manner in accordance with the design known as 'Plaintiff's Exhibit A,' and that the boards were also of first-class workmanship and construction, and that such painting and construction substantially complied with the contract, and, if you find from the evidence that he has failed to prove that these billboards were so constructed, then your verdict must be for the defendant.''

The legal effect of the law contained in this charge, it seems to us, is as follows:    That if the jury should find from a preponderance of the evidence that the plaintiff below or his agents substantially carried out and performed all of the terms and conditions of the written contract, then he was entitled to recover the full amount claimed; but, if it found he had not done so, then and in that event a verdict must be returned for the defendant below.

In the light of this charge, and the finding of the jury, and the facts before it, as contained in the testimony incorporated in the bill of exceptions, we do not see how the plaintiff in error is in any position to claim the verdict and judgment are contrary to law.

Plaintiff in error is in no position to question the law given in the charge before argument, because it was given at its request.

Under the law as charged in this request, and the facts, the question resolved itself into one of fact solely for the jury to pass upon and determine. In other words, it was strictly a case for the jury to solve, and having done so, and found against the bank and in favor of Morton, it must be ap-

parent to counsel as well as to the court that a reviewing court is powerless, in law, to disturb the verdict.

We feel it only proper to say in this connection that had the jury returned its verdict in favor of the bank, under the record facts and the law, as charged in the special request before argument, we would not have disturbed such verdict.

As hereinbefore indicated, this case, under the proof and the law as contained in the special charge, has caused the court to spend much time and labor in the examination of authorities in the hope of finding some legal basis for granting plaintiff in error some relief. However, our efforts have failed; and we are bound to find and hold that there is no prejudicial error in the case that authorizes a reversal of the judgment of the common pleas court.

The conclusion here reached is the unanimous judgment of the court.

*Judgment affirmed.*

LEMERT, J., and FUNK, J. (of the Ninth Appellate District, sitting in place of SHIELDS, J.), concur.